UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALEXANDER MISKAM, <br><br> Plaintiff, <br><br> vs. <br><br> DOLLAR TREE STORES, <br><br> Defendant. | CASE NO. 15CV1523-GPC(JLB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE CENTAL DISTRICT OF CALIFORNIA; AND DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** <br><br> [Dkt. Nos. 5, 6.] |
|---|---|

Before the Court is Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a), and motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, motion for a more definite statement pursuant to Rule 12(e). Plaintiff has not filed an opposition. On August 31, 2015, Defendant filed a notice of non-receipt of oppositions to its motions. (Dkt. No. 10.) Based on the reasoning below, the Court GRANTS Defendant's motion to transfer the case to the United States District Court for the Central District of California, and DENIES Defendant's motion to dismiss without prejudice.

**Background**

Plaintiff Alexander Miskam ("Plaintiff"), proceeding *pro se*, filed a complaint in San Diego Superior Court against his former employer, Defendant Dollar Tree Stores ("Dollar Tree"), alleging false imprisonment and wrongful termination. (Dkt.

No. 1-2, Notice of Removal, Ex. A, State Court Compl.) No facts are alleged concerning the causes of action in the state court form complaint. The only facts alleged are that he currently lives in San Diego and he was damaged on July 3, 2013. (Id. at 2-3.)

According to Defendant, Plaintiff worked at Dollar Tree's Big Bear Lake location from September 2012 until his termination from employment in July 2013. (Dkt. No. 5-4, Watson Decl. ¶ 4.) Plaintiff's personnel file indicates that during most, if not all of his employment with Dollar Tree, he resided in San Bernardino County. (Id. ¶ 5.)

## Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

Courts employ a two-step analysis to determine whether transfer is proper. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). First, a court must ask whether the transferee court is one where the action "might have been brought" and then determine whether "convenience of parties and witnesses in the interest of justice" favor transfer. Id.

**A.    Whether the Action Could Have Been Brought in the Central District**

First, Defendant asserts that the case could have been brought in the Central District of California. A civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial

> district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Here, Dollar Tree conducts business throughout Southern California and is subject to personal jurisdiction in the Central District. (Dkt. No. 5-5, Balderas Decl. ¶ 2.) In addition, all of the events giving rise to Plaintiff's claims occurred at the Big Bear Lake location which is within the jurisdiction of the Central District. (Dkt. No. 5-4, Watson Decl. ¶ 4.) Plaintiff resided and worked for Dollar Tree in the Central District at the time of the alleged events. (Id. ¶ 5.) Therefore, the case could have be brought in the Central District.

Since the Court determines that the case could have been brought in the Central District, the Court looks to the convenience of the parties, convenience of the witnesses, and the interests of justice.

**B.  Convenience of the Parties**

The plaintiff's choice of forum is accorded great weight. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). "The degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." Williams v. Bowman, 157 F. Supp. 2d 1003, 1107 (N.D. Cal. 2001) (citing Fabus Corp. v. Asiana Exp. Corp., C-00-3172PJH, 2001 WL 253185 (N.D. Cal. Mar. 5, 2001)). In arguing for transfer of venue, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). A plaintiff's choice of forum may receive less weight "if the operative facts did not occur within the forum of original selection and that forum has no particular interest in the parties or the subject matter." Partney Const. Inc. v. Ducks Unlimited, Inc., Civil No. 08-574-SU, 2008 WL 4838849, at *2 (citing Pacific Car & Foundry Co. v. Pence, 403

F.2d 949, 954 (9th Cir. 1968)).

Here, the Complaint states that Plaintiff lives in San Diego[1]; however, the facts arising from the causes of action occurred while employed at Dollar Tree's Big Bear Lake location which is within the Central District. Without an opposition by Plaintiff explaining the inconvenience of litigating in the Central District, the Court gives Plaintiff's choice of forum little weight. The Court concludes that this factor favors transfer.

**C.    Convenience of the Witnesses**

"Convenience of witnesses is often the most important factor in determining whether or not to transfer a case." Partney Const., Inc., 2008 WL 4838849, at *3.

Defendant states that most of its percipient witnesses, including current and former employees of Dollar Tree's Big Bear Lake store, live and work in or around San Bernardino County. Therefore, it would be unduly inconvenient for the majority of the witnesses to travel to the Southern District.

Betsy Watson, the district manager who was involved in the decision to suspend and terminate Plaintiff's employment and investigated Plaintiff's complaint concerning his suspension, resides within the Central District. (Dkt. No. 5-4, Watson Decl. ¶¶ 7, 9.) Dollar Tree's former employees and most all other key witnesses also reside in San Bernardino County. (Dkt. No. 5-5, Balderas Decl. ¶¶ 7-8.) As to those who reside outside of San Bernardino, one witness, the former store manager during Plaintiffs' employment with Dollar Tree, resides in Ohio. (Dkt. No. 5-3, Murphy Decl. ¶ 3). In addition, Reed Balderas, the regional human resources manager, who was consulted about the termination, resides in San Diego. (Dkt. No. 5-Balderas Decl. ¶ 6, 8.) Since Balderas travels throughout southern California and parts of Nevada, traveling to the Central District Court is not inconvenient to him. (Id. ¶ 8.) In addition, Plaintiff's physical personnel file is located at the Big Bear Lake Dollar Tree Store location.

---

[1] Defendant alleges that Plaintiff's social media page now states that he lives in Big Bear Lake. (Dkt. No. 5-3, Murphy Decl., Ex. 1.)

(Dkt. No. 5-4, Balderas Decl. ¶ 4.) The remaining documents, such as electronic parts of his personnel file, are located in Chesapeake, Virginia, Dollar Tree's corporate offices. (Id.)

Since many of the witnesses are located in the Central District, the Court concludes that the convenience of the witnesses weigh in favor of transfer.

**D.  Interests of Justice**

Section 1404(a) was designed to prevent unnecessary inconvenience and expense to parties, witnesses, and the public. Continental Grain Co. v. The FBL-585, 364 U.S. 19, 21 (1960). The inquiry into whether another forum better serves the interest of justice is "not whether one venue or another would be the best venue; but rather whether there is a venue that is more convenient." F.T.C. v. Watson Pharms., Inc., 611 F. Supp. 2d 1081, 1086 (C.D. Cal. 2009).

Here, there is a greater public interest in adjudicating Plaintiff's case in the Central District because the events took place in the Central District. See Clark v. Sprint Spectrum L.P., No. C 10-3625 SI, 2010 WL 5173872, at *5 (N.D. Cal. 2010) ("while the Central District's local interest in the controversy may not be substantially stronger than the Northern District's, it nevertheless remains stronger because the events at issue took place there.") The Court concludes the Defendant has demonstrated that transferring this action to the Central District of California is more convenient for the parties and the witnesses involved, and will better serve the interests of justice.

Based on an analysis of the factors, the Court GRANTS Defendant's motion to transfer venue to the Central District of California.

**E.  Defendant's Motion to Dismiss**

Because this case will be transferred to the Central District of California, the Court denies Defendant's motion to dismiss without prejudice. Plaintiff may re-file the motion in the appropriate forum after this case is transferred.

/ / / /

## Conclusion

The Court GRANTS Defendant's motion to change venue and transfers the case to the United States District Court for the Central District of California. The Court also DENIES without prejudice Defendant's motion to dismiss subject to re-filing when the case is transferred to the Central District of California. The hearing set for September 25, 2015 shall be **vacated**.

IT IS SO ORDERED.

DATED: September 21, 2015

HON. GONZALO P. CURIEL
United States District Judge