O

1
2
3
4
5
6
7

# United States District Court
# Central District of California

8
9
10

| | |
|---|---|
| ALEXANDER MISKAM, | Case № 2:15-cv-07440-ODW(AFM) |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| DOLLAR TREE STORES, | **DEFENDANT'S MOTION TO** |
| Defendant. | **DISMISS [17]** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Presently before the Court is Defendant Dollar Tree Stores' ("Defendant")

2    Motion to Dismiss.  (ECF No. 17.)  Because Plaintiff Alexander Miskam ("Plaintiff")

3    has not filed any opposition and for the reasons discussed in Defendants' papers, the

4    Court **GRANTS** Defendants' Motion. [1]

5    Central District of California Local Rule 7-9 requires an opposing party to file

6    an opposition to any motion at least twenty-one (21) days prior to the date designated

7    for hearing the motion.  C.D. Cal. L.R. 7-9.  Additionally, Local Rule 7-12 provides

8    that "[t]he failure to file any required paper, or the failure to file it within the deadline,

9    may be deemed consent to the granting or denial of the motion."  C.D. Cal. L.R. 7-12.

10   The hearing on Defendants' motion is set for November 2, 2015.  Plaintiff's

11   opposition was due by October 12, 2015.  As of the date of this Order, Plaintiff has

12   not filed an opposition, or any other filing that could be construed as a request for a

13   continuance.  Plaintiff's failure to oppose may therefore be deemed consent to the

14   granting of Defendants' Motion.  *Enders v. Countrywide Home Loans, Inc.*, No. C 09-

15   3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009) ("The Ninth Circuit

16   has held that the failure to file an opposition to a motion to dismiss is grounds for

17   granting the motion." (quoting *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

18   Further, although "a *pro se* complaint will be liberally construed and held to

19   less stringent standards than formal pleadings drafted by lawyers," *see Erickson v.*

20   *Pardus*, 551 U.S. 89, 94 (2007), the Court may not "supply essential elements of the

21   claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673

22   F.2d 266, 268 (9th Cir. 1982); *see also Ghazali*, 46, F.3d at 54.

23   Plaintiff's complaint alleges that Defendant committed the intentional torts of

24   "wrongful imprisonment" and wrongful termination.  (EFC No. 1, Ex. 2, Complaint.)

25   Defendants argue that Plaintiff failed to state a plausible claim for relief for his

26   wrongful termination or "wrongful imprisonment" claims, as Plaintiff failed to offer

27

28   [1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

any specific or non-conclusory allegations—or any other supporting facts beyond the allegations themselves.  (ECF No. 17.)

Defendant filed a Motion to Dismiss on October 1, 2015, with a hearing scheduled for November 2, 2015, giving Plaintiff until October 12, 2015 to file his opposition papers.  However, the Court has yet to receive any response from Plaintiff, and accordingly the Court **DISMISSES** Plaintiff's intentional tort claims **WITHOUT PREJUDICE and gives Plaintiff leave to file a First Amended Complaint by November 2, 2015**.  If no amended complaint is filed by that date, the Court will dismiss the case with prejudice.

**IT IS SO ORDERED.**

October 20, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

3